## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| MARILYNN E. TARRANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00317-TWP-TAB |
| | ) |
| FRANCISCAN ALLIANCE INC. Hospital, | ) |
| CHRISTINE WANG Manager, | ) |
| | ) |
| Defendants. | ) |

### ENTRY SCREENING COMPLAINT AND
### DENYING MOTION FOR ASSISTANCE AS PREMATURE

On February 21, 2024, *pro se* Plaintiff Marilynn E. Tarrance ("Plaintiff") initiated this civil action by filing her fill-in-the-blank Complaint for Employment Discrimination against Defendants Franciscan Alliance Inc. ("Franciscan") and Christine Wang ("Wang") (together, "Defendants") (Dkt. 1). The same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Dkt. 2) and a Motion for Assistance with Recruiting Counsel (Dkt. 3). On February 28, 2024, the Court denied Plaintiff's request to proceed *in forma pauperis* (Dkt. 6), and on March 27, 2024, Plaintiff paid the filing fee for bringing this action. This matter is now before the Court for screening and for a ruling on Plaintiff's Motion for Assistance.

### I.   DISCUSSION

**A.   Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**B.      Plaintiff's Complaint**

On her fill-in-the-blank Complaint form, *pro se* Plaintiff checked the boxes for employment discrimination based upon Title VII of the Civil Rights Act of 1964 for "termination of my employment" based upon race and color (Dkt. 1 at 2, 4–5). In her attached additional pages, Plaintiff alleges that she is a black woman who was employed by Franciscan from March 29, 2021, until her termination on March 24, 2023 (Dkt. 1-1 at 1). Plaintiff alleges that after Franciscan hired Wang as a manager, Wang harassed Plaintiff. Specifically, Wang began writing corrective actions containing false information about Plaintiff, which prevented Plaintiff from transferring to a new department. *Id.* Wang also allegedly began to complain about Plaintiff's facial piercings, even though her piercings were allowed at work if covered, and that her piercings were covered by a

mask due to a workplace mask mandate. *Id.* Plaintiff alleges that she was the only person that the facial piercing policy was enforced against, leading to her termination. *Id.* at 1–2.

Title VII prohibits an employer from discriminating against an individual with respect to her "compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). However, Title VII applies only to "employers." It is well established that Title VII claims cannot be brought against individuals in their individual capacity. *Williams v. Banning*, 72 F.3d 552, 553–55 (7th Cir. 1995) (holding that there is no individual liability under Title VII and stating that "[b]ecause a supervisor does not, in [her] individual capacity, fall within Title VII's definition of employer, [the plaintiff] can state no set of facts which would enable her to recover under the statute"). Therefore, Plaintiff's claims against Wang are **dismissed**.

At this time, the Court has not determined that Plaintiff's claims against Franciscan must be dismissed pursuant to § 1915(e), so those claims **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion.

C. **Motion for Assistance with Recruiting Counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

Plaintiff provides a list of attorneys and law firm that she has contacted seeking assistance of counsel and asserts that she has been unsuccessful. Although the Court concludes, that Plaintiff has made a reasonable effort to secure representation, she should continue those efforts.

The Court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it herself. *Id.* at 653-655. Moreover, the Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013).

At this early stage of the proceedings, the Court is unable to gauge whether recruitment of counsel is appropriate. Therefore, Plaintiff's Motion for Assistance with Recruiting Counsel is **denied as premature**.

## II.  CONCLUSION

For the reasons explained above, Plaintiff's claims against Defendant Christine Wang are **DISMISSED**. The **clerk is directed** to terminate Christine Wang as a defendant on the docket.

Plaintiff's claims against Franciscan Alliance Inc. **SHALL PROCEED**. The docket reflects that Plaintiff has already served Franciscan via certified mail (Dkt. 10).

Plaintiff's Motion for Assistance with Recruiting Counsel (Dkt. 3) is **DENIED as premature**. Plaintiff may file a renewed motion requesting the Court's assistance in recruiting counsel as the case develops.

**SO ORDERED**.

Date: 4/5/2024

*[signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

MARILYNN E. TARRANCE
2128 Lake Terrace W. Dr. #4
Indianapolis, IN 46239