UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARILYNNN E. TARRANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:24-cv-00317-TWP-TAB |
| | ) |
| FRANCISCAN ALLIANCE, INC. | ) |
| | ) |
| Defendant. | ) |

## FRANCISCAN ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND NOTICE TO CLARIFY CLAIMS

Defendant, Franciscan Alliance, Inc. ("Franciscan"), by counsel, for its Answer to Plaintiff's Complaint for Employment Discrimination ("Complaint") and Notice to Clarify Claims ("Amended Complaint"), to the extent that such Notice to Clarify Claims is considered an amended Complaint, has numbered all of Plaintiff's statements in the Complaint and Amended Complaint and states as follows:

1. I, Marilynn Tarrance, is a resident of Marion County and was employed by Franciscan Health from 3-29-21 until 3-24-23, between that time I was racially discriminated against and wrongfully terminated.

**ANSWER:** Franciscan is without sufficient information to admit or deny that Marilynn Tarrance is a resident of Marion County and, therefore, denies the same. Franciscan admits that Ms. Tarrance was employed by Franciscan from March 29, 2021 until March 24, 2023. Franciscan denies that it racially discriminated against or wrongfully terminated Ms. Tarrance and denies any remaining allegations contained in this paragraph 1.

2. Being singled out, the only black person/person that the policy is being forced upon.

**ANSWER:** Franciscan denies that it singled out Ms. Tarrance or forced any racially discriminatory policy upon her and denies any remaining allegations contained in this paragraph 2.

3. Also during that time being blatantly harassed by Christina Wang with Chaoch Seidensticker, Lisa Cody (HR), Madonna Clager (HR), Theresa Vogel and another HR person that came with Madonna Clager.

**ANSWER:** Franciscan denies that any of its employees, including Christina Wang, Chaoch Seidensticker, Lisa Cody, Madonna Clager, or Theresa Vogel harassed Ms. Tarrance and denies any remaining allegations contained in this paragraph 3.

4. This ended in termination due to Christine Wang going through my attendance but finding nothing then started writing corrective actions with false information on it and I refused to sign; first, second and final.

**ANSWER:** Franciscan denies that Christine Wang or any other Franciscan employee wrote a corrective action relating to Ms. Tarrance containing false information and denies any remaining allegations contained in this paragraph 4.

5. I tried to go to another department, application was blocked due to corrective actions, I've never encountered them on the job until Christine Wang came aboard.

**ANSWER:** Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 5 and, therefore, denies the same.

6. Christine Wang then went for my facial piercings that are allowed if covered and there has been a mask mandate.

**ANSWER:** Franciscan admits that Ms. Wang told Ms. Tarrance she must remove her facial piercings in order to comply with Franciscan's Dress Code Procedure, Indiana State

Department of Health regulations, and Franciscan's Food and Nutrition Services Department Employee Personal Hygiene and Uniform Code and denies any remaining allegations contained in this paragraph 6.

7. Since employed here, C. Wang saw them due to her upsetting me in a conference room when I wiped my tears only, others didn't know I had them, therefore, after that my piercings became a problem especially when I requested to speak with Lisa Cody in HR then they were basically demanded out. Then termination. (more to add).

**ANSWER:** Franciscan admits that Ms. Wang told Ms. Tarrance she must remove her facial piercings in order to comply with Franciscan's Dress Code Procedure, Indiana State Department of Health regulations, and Franciscan's Food and Nutrition Services Department Employee Personal Hygiene and Uniform Code. Franciscan denies any remaining allegations contained in this paragraph 7.

8. I'm writing this letter in regards to explain and to make clear of my paying discrimination.

**ANSWER:** Franciscan denies that it discriminated against Ms. Tarrance. Franciscan is without sufficient information to admit or deny the remaining allegations contained in paragraph 8 and, therefore, denies the same.

9. It's retaliation on behalf of my reporting of changing my schedule without any knowledge and wanting to understand, in return the manager Teresa Vogal stated for me not to come to work early to help out without calling to ask if it was okay (this was during morning huddle right after there was a meeting with T. Vogal and manager Christine Wang from where I reported and inquired about it with Christine's manager Kaock Stactinstimer and as usual all/any went ignored.

**ANSWER:** Franciscan denies the allegations contained in this paragraph 9.

10. The ICRC sent paperwork to Franciscan Health and had a certain amount of days to respond, their response was something from the previous year which had nothing to do with what was happening. (Friday 13, 2023 is what should have been responded to).

**ANSWER:** Franciscan admits it responded to Ms. Tarrance's ICRC Charge. Franciscan denies any remaining allegations contained in this paragraph 10.

11. From the moment I started anything I've reported to higher authority has always been ignored.

**ANSWER:** Franciscan denies the allegations contained in this paragraph 11.

12. I have a list of dates written down and can present of everything.

**ANSWER:** Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 12 and, therefore, denies the same.

13. After the (schedule) meeting I scheduled a meeting with HR. Cathy Rogers and Madonna Clager, we met twice and things continued to get worse.

**ANSWER:** Franciscan admits that Cathy Rodgers and Madonna Clager met with Ms. Tarrance. Franciscan denies any remaining allegations contained in this paragraph 13.

14. I refused a meeting or to talk to Lisa Cody another HR rep that seems to be the only one you are made to speak to but I refused and she kept trying to proceed.

**ANSWER:** Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 14 and, therefore, denies the same.

15. After that I was demanded per say by Lisa Cody which Christine Wang delivered the message that I had to remove my cheek piercings that had been covered the entire time I've worked there.

**ANSWER:** Franciscan admits that it required Ms. Tarrance to remove her cheek piercings in order to comply with Franciscan's Dress Code Procedure, Indiana State Department of Health regulations, and Franciscan's Food and Nutrition Services Department Employee Personal Hygiene and Uniform Code. Franciscan denies any remaining allegations contained in this paragraph 15.

16. I started to get written up for false reasons (never had a write up) rules being enforced upon only, being watched and being checked only, attendance being looked at stating I had points that weren't there (checking upon HR).

**ANSWER:** Franciscan denies that it wrote Ms. Tarrance up for false reasons, only enforced rules upon her, only watched and checked her, and stated that she had attendance points that weren't there. Franciscan denies any remaining allegations contained in this paragraph 16.

17. Cathy Rodgers asked why did I take the job I felt very insulted and stated that to her on record, also 3 co-workers were interviewed by Madonna Clager and Cathy Rogers and received the same answer.

**ANSWER:** Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 17 and, therefore, denies the same.

18. Retaliation played the part I was told that it fell under the discrimination act. It's not discrimination over a schedule.

**ANSWER:** Franciscan denies that it retaliated or discriminated against Ms. Tarrance in any way. Franciscan denies any remaining allegations contained in this paragraph 18.

19. My feeling have truly been hurt behind this, I am a hard worker, people person, dependable and much more so I'm not certain why I was singled out this is wrongful termination for no reason that I can truly see.

**ANSWER:** Franciscan denies that it singled out Ms. Tarrance or wrongfully terminated her. Franciscan is without sufficient information to admit or deny the remaining allegations contained in paragraph 19 and, therefore, denies the same.

20. The last thing especially being terminated for something that is covered and had been from day one also stated that are allowed as long as its covered, but rules only applied to me seeing that other co-workers/supervisors were allowed their jewelry that was visible and still is to this day and they work directly with patients' food and I interacted with the public and staff members throughout the hospital.

**ANSWER:** Franciscan denies that it only applied its face covering rules to Ms. Tarrance. Franciscan admits that it allows employees to wear jewelry if the jewelry complies with Franciscan's Dress Code Procedure, Indiana State Department of Health regulations, and Franciscan's Food and Nutrition Services Department Employee Personal Hygiene and Uniform Code. Franciscan denies any remaining allegations contained in this paragraph 20.

21. I tried leaving the department with food service to go to patient access and medical records my applications were pulled by whomever was responsible but never heard of either one, I then told the managers of those departments, no worries, Christine Wang keeps writing corrective actions on me which we know will hinder you.

**ANSWER:** Franciscan denies the allegations contained in paragraph 21.

22. This has been a roller coaster that I really tried to hang on to because I liked what I did also had a perfect schedule to fit me so I was able to accommodate my brother that had had a stroke and ended up in a nursing home, so changing my schedule was never a problem of I was asked in even informed about when it was posted by Teresa Vogal which she admitted to Christine Wang that it did indeed go exactly that way.

**ANSWER:** Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 22 and, therefore, denies the same.

23. I do apologize for the long letter there is just so much that wasn't said or listened too, not addressed.

**ANSWER:** Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 23 and, therefore, denies the same.

24. I just don't think that its fair to do a human being this way and be okay with doing wrong and getting away with it in the process.

**ANSWER:** Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 24 and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

1. Franciscan denies all allegations in Plaintiff's Complaint not heretofore specifically admitted or denied.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination she filed with the Indiana Civil Rights Commission, Charge No. EMrt23040330 and, accordingly, Plaintiff has failed to exhaust her administrative remedies to that extent.

4. Plaintiff is barred from recovery because any instances complained of by Plaintiff in her Complaint were not the result of discrimination. All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business justifications.

5. Even if the trier of fact were to determine that discriminatory motives or reasons played any part in any employment decisions or actions regarding the Plaintiff, which Franciscan denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons, including compliance with federal law.

6. Plaintiff's claims are barred under the doctrine of laches.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff was at all relevant times an at-will employee.

9. Franciscan acted in good faith at all times and had reasonable grounds for believing that any act(s) it took did not violate any applicable federal, state, or local laws.

10. Franciscan denies all allegations of the Complaint to which no response was given.

11. Franciscan reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel and/or unclean hands.

13. Plaintiff's claims are barred to the extent they violated Franciscan's policies and procedures.

14. Plaintiff's claims are barred to the extent they failed to mitigate their damages, if any.

15. Discovery and investigation are incomplete, and Franciscan does not and cannot reasonably be expected to know whether additional affirmative defenses may be applicable.

Franciscan therefore reserves the right to add additional affirmative defenses and other defenses as may be applicable and appropriate during the pendency of this action.

**WHEREFORE**, Franciscan prays that Plaintiff take nothing by way of her Complaint and for all other appropriate relief.

        Respectfully submitted,

*/s/ Hilary K. Leighty*
Amy J. Adolay, Atty. No. 23147-49
KRIEG DeVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, Indiana  46032
Telephone:   (317) 238-6330 (Direct)
                (317) 566-1110 (Main)
Facsimile:    (317) 636-1507
E-Mail:       aadolay@kdlegal.com


Hilary K. Leighty, Atty. No. 36273-49
Virginia A. Talley, Atty. No. 36171-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana  46204
Telephone:   (317) 238-6257 (Direct – H. Leighty)
                (317) 238-6260 (Direct – V. Talley)
                (317) 636-4341 (Main)
Facsimile:    (317) 636-1507
E-Mail:       hleighty@kdlegal.com
                vtalley@kdlegal.com

*Attorneys for Defendant*
*Franciscan Alliance, Inc.*

KD_15286897_2.docx